FLORSHEIM DRY GOODS CO. *v*. TAYLOR COMMISSION CO.

Opinion delivered June 16, 1894.

*Attachment—Priority.*

> Where a writ of attachment is placed in an officer's hands with directions not to make a levy unless forced to do so by the issuance of a second attachment, a junior writ placed in the officer's hands before such order is countermanded will have priority.

Appeal from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.

*D. S. King* and *T. E. Webber* for appellants.

1. Appellant's writ, having come to the sheriff's hands first, fixed a prior lien. Mansf. Dig. sec. 325. Appellee's attorney, by pointing out the stock of goods, and prevailing on the deputy to serve its writ first, did not postpone appellant's lien. 56 Ark. 292; 11 Johns. 110; 5 N. Y. Law (Law. ed.), p. 80; 17 Johns. 274; 8 Johns. 20; 3 Cow. 272; 8 N. Y. Law (Law. ed.), 694.

2. The evidence was not sufficient to sustain the court's ruling.

*Scott & Jones* for appellee.

1.  There was evidence to sustain the finding.  The same conclusiveness is applied to the findings of a court as to the verdict of a jury.  45 Ark. 41; 46 *id.* 141; 36 *id.* 260.

2.  The court properly ruled that appellee's levy was entitled to priority.  Freeman, Ex. (1 ed.), sec. 206; 17 Johns. 274; 4 Rawle, 376.

RIDDICK, J.  On March 1, 1892, the appellant, by its attorneys, King & Wood, filed a complaint in the Lafayette circuit court against Joseph Taylor for an amount due it on a promissory note executed by said Taylor.  Appellant caused a writ of attachment to be issued, and the same was placed in the hands of the deputy sheriff at 11:15 a. m. on the same day.  Appellee also on the same day commenced suit against said Joseph Taylor, and had a writ of attachment issued, which came to the hands of the sheriff at 11:30 a. m., fifteen minutes after the attachment in favor of appellant was received.  Both writs of attachment were served and returned by the deputy sheriff, who endorsed the same return on each, except the difference in the time at which they came to his hands.  Judgments were obtained and attachments sustained in both suits.  Appellee filed a motion and intervening petition to have the lien of its attachment given priority over that of appellant, alleging, in effect, that the appellant, at the time of the delivery of the writ of attachment to the sheriff, had directed the sheriff not to serve said writ, and that, before this order was countermanded, the writ in favor of appellant had been placed in the hands of the sheriff, and was first levied.  Appellant denied the allegations contained in the motion and petition of appellee, and the matter was submitted to the court, who, after hearing the evidence, found in favor of appellee, that the lien of

its attachment was entitled to priority over the writ of appellant. A motion for new trial was made, and, the same being overruled, the appellant appealed.

The deputy sheriff, who was sworn as a witness, testified as follows: M. S. Wood, attorney for appellant, "gave me an attachment in the clerk's office, and told me to note the time it came to my hands, but I understood him to say that I was not to serve it unless the Geo. Taylor Commission Co. had an attachment issued, or made a break. I was under the impression, from what he said, that Mr. Wood did not want his service until some one else had served; that he was afraid of a damage suit, and did not want to close up the house." He also testified that "he gave the defendant the attachment of the Geo. Taylor Commission Co. first, and then gave him the other two."

There was other testimony tending to contradict this statement of the officer, and to show that the attorney only requested the officer to wait a few moments until he, the attorney, could get another writ from a justice of the peace, on a claim that was below the jurisdiction of the circuit court, so that both writs could be served at the same time.

Such a request as this, with no intention of causing any material delay in the service of the writ, we do not think would have the effect of giving priority to a subsequent attaching creditor. But the circuit judge having found against appellant, and, being of opinion that, with the witnesses before him, his means of arriving at the truth of the matter were vastly superior to ours, we must, without undertaking to determine the weight of the evidence, uphold his finding, if the proof is sufficient to support it. After considering all the evidence, a majority of the court are of the opinion that it is sufficient to support a finding by the court that the writ of attachment in favor of appellant was delivered to the

officer with directions not to serve it unless some other creditor of Joseph Taylor had an attachment issued; that, before this order was countermanded, the writ of appellee was issued and placed in the hands of the officer with a direction to levy at once.

The question for the court to determine is, what is the effect of a direction to the officer holding the writ not to levy unless some other creditor gets out an attachment? Sec. 325 of Mansfield's Digest is as follows: "An order of attachment binds the defendant's property in the county, which might be seized under execution against him, from the time of the delivery of the order to the sheriff or other officer; and the lien to the plaintiff is completed upon any property or demand of the defendant by executing the order upon it in the manner directed in this chapter." The object of this section was to aid the diligent creditor in the enforcement of the writ and the collection of his debt. It was not intended that a creditor, by placing a writ of attachment in the hands of an officer, should secure a lien and bind the property of the defendant, and then, by directing the officer not to levy unless some other creditor got out an attachment, convert the lien of the writ into a security in the nature of a mortgage.

Under statutes which make an execution a lien on the property of the debtor from the time of its delivery to the proper officer, it has been frequently held that a delivery of an execution with a direction to the officer not to levy, or not to levy unless forced to do so by a junior execution, avoids the lien, and is of no more effect than if the execution creditor had kept the writ in his own possession. Until such an order to the officer is countermanded with an order to execute the writ, the officer is considered to be holding the writ, not in his official capacity, but only as the agent of plaintiff. Freeman on Ex. (2 ed.) sec. 206; *Gilmore* v. *Davis*, 84 Ill.

489; *Landis* v. *Evans*, 113 Pa. St. 334; *Howes* v. *Cameron*, 23 Fed. Rep. 324; *Blakely* v. *Smith*, 26 S. W. Rep. 584. We see no good reason why the same rule should not apply in attachments when a creditor or his attorney directs the officer having the writ in his possession not to levy the same unless some other creditor gets out an attachment. *Blakely* v. *Smith*, 26 S. W. Rep. 584.

A direction to the sheriff not to sell, by the execution creditor, after the execution was levied, has been held to avoid the lien as to subsequent purchasers and creditors securing valid liens; but this rule would not apply in cases of attachments after the levy is made, or, at most, only to a limited extent, for the reason that attachments are levied, not like executions, for the purpose of making a sale, but only to hold the property of the debtor subject to the order of the court. But the attaching creditor, no more than the execution creditor, can use the writ for an improper purpose; and an attempt to do this by directing the officer not to levy will suspend the lien as to subsequent purchasers, mortgagees, and attaching creditors, who secure valid liens before such order is countermanded. Most of the cases cited by counsel for appellant are cases where the delay in executing the writ occurred after the levy was made. After the levy of an execution or an attachment is made, the possession of the officer, or the acts of the officer in making the levy, give notice to the defendant, and to others dealing with him, of the existence of the lien, and the effect of delay is not likely to be so mischievous. But until the levy is made, the lien given by the statute is a secret lien, and liable to jeopardize the rights of subsequent purchasers and creditors. He who wishes to avail himself of it should place no obstruction in the way of having it perfected by the levy of the writ. We conclude that the evidence is sufficient to

support the finding of the circuit court, and the judgment is affirmed.

Justices Wood and Hughes concur as to the rules of law announced, but are of opinion that the evidence is not sufficient to support the finding of the circuit court.